1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DANIEL W. KELLER,

Plaintiff,

v.

DARRIN BALAAM; et al.,

Defendants.

Case No. 3:25-cv-00329-ART-CSD

ORDER ADOPTING REPORT AND
RECOMMENDATION OF U.S.
MAGISTRATE JUDGE

(ECF Nos. 5, 1, 1-1, 1-2)

11   *Pro se* Plaintiff Daniel Keller brings constitutional claims against the
12   Washoe County Sheriff Darrin Balaam, two Washoe County Sheriff Deputies,
13   Washoe County, and Lindsay Holland, who is identified as the owner/counsel at
14   Inspirations Counseling in Sparks, Nevada. (ECF No. 1-1). Magistrate Judge
15   Denney reviewed Mr. Keller's complaint for screening and found that his
16   allegations were either duplicative of prior litigation in *Keller v. Balaam*, 3:25-cv-
17   00224-ART-CSD, or failed to state a claim upon which relief may be granted.
18   (ECF No. 5.) In the same report and recommendation, Judge Denney
19   recommended granting Mr. Keller's application to proceed *in forma pauperis*,
20   (ECF No. 1) and denying his motion for appointment of counsel for failure to
21   demonstrate exceptional circumstances. (ECF No.1-2). Mr. Keller has not timely
22   objected, and the Court now adopts Judge Denney's report and recommendation
23   in full.

24   Mr. Keller's first claim alleges that Sheriff Balaam and his deputies
25   accepted bribes from Mr. Keller's family members, that the Sheriff and his
26   deputies stalked Mr. Keller, that they were involved in the murder of his life
27   partner, and that they were involved in his false imprisonment and mistreatment.
28   (ECF No. 1-1) His second claim alleges that while he was incarcerated, officers

1

threw him in solitary confinement for no reason, cursed at him, and caused him injury when they made his feet touch his head as all three sat on his back. (*Id.*) His third claim alleges that his speedy trial rights were violated, that Judge Lynne Jones and public defenders ignored him when he brought up the violations of his speedy trial rights, that he was falsely imprisoned, and that Judge Jones rendered a false verdict in return for billions in bribe money. (*Id.*)

Invoking a district court's broad discretion to control its own docket, *M.M. v. Lafayette School District*, 681 F.3d 1082, 1091 (9th Cir. 2012) (citation omitted), Judge Denney recommended dismissing Mr. Keller's claims regarding bribery and stalking (Claims 1 and 3) on the grounds that they duplicate claims that Mr. Keller made in a previous action. (ECF No. 5.) As to Mr. Keller's conditions of confinement, excessive force, and speedy trial claims (Claims 2 and 3), Judge Denny found that Mr. Keller had not alleged sufficient facts to state a claim under Section 1983 and provided the relevant legal standards. Judge Denney furthermore found that Mr. Keller had not made allegations with respect to Washoe County or Lindsay Holland.

Under the Federal Magistrates Act, a Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985); *United States v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003).

Mr. Keller has not filed an objection to Judge Denney's report and recommendation, and his time to do so has now expired. (*See* ECF No. 5.)

**Conclusion**

The Court adopts Judge Denney's report and recommendation (ECF No. 5) in full.

In accordance with the report and recommendation, the Court grants Mr. Keller's application to proceed *in forma pauperis*. (ECF No. 1.) Mr. Keller is required to pay, through NDOC, an initial partial filing fee in the amount of $17.67, within thirty days of the entry of any order adopting and accepting this report and recommendation. Thereafter, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid.

The Court requests that the Clerk of Court deliver a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Corrections at formapauperis@doc.nv.gov.

In accordance with the report and recommendation, the Court denies Mr. Keller's motion for appointment of counsel. (ECF No. 1-2.)

In accordance with the report and recommendation, the Court orders that Mr. Keller's complaint (ECF No. 1-1) be filed.

In accordance with the report and recommendation, the Court dismisses Mr. Keller's claims regarding bribery and stalking with prejudice.

In accordance with the report and recommendation, the Court dismisses Mr. Keller's speedy trial violation claim without leave to amend and without prejudice, so that it may be raised, if appropriate to do so, in a direct appeal, post-conviction, or habeas proceeding.

In accordance with the report and recommendation, the Court dismisses Mr. Keller's remaining claims with leave to amend, including conditions of confinement and excessive force claims, and any claims against Washoe County and Lindsay Holland. Mr. Keller may file an amended complaint correcting the

deficiencies identified in the report and recommendation within 30 days of this order, or else the court will enter judgment and close the case. The amended complaint must be complete in and of itself.

The Court requests the Clerk of Court to send Mr. Keller the instructions for filing a civil rights complaint as an inmate and the inmate's form civil rights complaint.

DATED THIS 6th day of October 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE